# U.S. District Court
# Western District of Missouri (Kansas City)
# CIVIL DOCKET FOR CASE #: 4:13−cv−00945−ODS
# *Internal Use Only*

Performing Arts Community Improvement District v. Ace
American Insurance Company
Assigned to: District Judge Ortrie D. Smith
Cause: 28:1332 Diversity−Declaratory Judgment

Date Filed: 09/26/2013
Date Terminated: 06/03/2015
Jury Demand: Both
Nature of Suit: 110 Insurance
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Performing Arts Community Improvement District** | represented by | **Greer Shirreffs Lang** |

Lathrop & Gage LLP − KCMO
2345 Grand Avenue
Suite 2200
Kansas City, MO 64108−2618
(816) 292−2000
Fax: (816) 292−2001
Email: glang@lathropgage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Chad E. Blomberg**
Lathrop & Gage LLP − KCMO
2345 Grand Avenue
Suite 2200
Kansas City, MO 64108−2618
(816) 460−5721
Fax: 816−292−2001
Email: cblomberg@lathropgage.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Leonard B. Rose**
Lathrop & Gage LLP − KCMO
2345 Grand Avenue
Suite 2200
Kansas City, MO 64108−2618
(816) 292−2000
Fax: (816) 292−2001
Email: lrose@lathropgage.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Sherman A Botts**
Lathrop & Gage LLP
2345 Grand Blvd.

Suite 2200
Kansas City, MO 64108−2684
(816) 460−5523
Fax: (816)292−2001
Email: sbotts@lathropgage.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Intervenor Plaintiff**

**Carl Walker, Inc.**                    represented by    **Jerome V. Bales**
5136 Lovers Lane, Suite 200                                Douthit, Frets, Rouse, Gentile & Rhodes,
Kalamazoo, MI 49002                                        LLC
269−381−2222                                               5250 W. 116th Place
                                                           Suite 400
                                                           Leawood, KS 66211
                                                           (913) 387−1600
                                                           Fax: (913) 928−6739
                                                           Email: jbales@dfrglaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Status: Active*

                                                           **Thaddeus J Schurter**
                                                           Douthit, Frets, Rouse, Gentile & Rhodes,
                                                           LLC
                                                           5250 W. 116th Place
                                                           Suite 400
                                                           Leawood, KS 66211
                                                           (913) 387−1600
                                                           Fax: (913) 928−6739
                                                           Email: tschurter@dfrglaw.com
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Status: Active*

V.

**Defendant**

**Ace American Insurance Company**       represented by    **Adam R. Moore**
                                                           Rasmussen, Willis, Dickey & Moore, LLC
                                                           9200 Ward Parkway
                                                           Suite 400
                                                           Kansas City, MO 64114
                                                           (816) 960−1611
                                                           Email: amoore@rwdmlaw.com
                                                           *TERMINATED: 03/19/2014*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Status: Active*

**Anthony R. Martinez**
Shook, Hardy & Bacon, LLP−KCMO
2555 Grand Boulevard
Kansas CIty, MO 64108−2613
(816) 474−6550
Fax: (816) 421−5547
Email: amartinez@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David R. Erickson**
Shook, Hardy & Bacon, LLP−KCMO
2555 Grand Boulevard
Kansas CIty, MO 64108−2613
(816) 474−6550
Fax: (816) 421−5547
Email: derickson@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew Peter Fortin**
Foran, Glennon, Palandech, Ponzi &
Rudloff, P.C.
222 North LaSalle Street
Suite 1400
Chicago, IL 60601−1059
312−863−5041
Email: mfortin@fgppr.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew S. Ponzi**
Foran, Glennon, Palandech, Ponzi &
Rudloff
222 North LaSalle Street
Suite 1400
Chicago, IL 60601
(312) 863−5070
Email: mponzi@fgppr.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/26/2013 | 1 | | COMPLAINT against All Plaintiffs All Plaintiffs. Filing fee $400, receipt number 0866−3682939. Service due by 1/27/2014. (Attachments: # 1 Civil Cover Sheet)(Botts, Sherman) (Entered: 09/26/2013) |
| 09/26/2013 | | | SUMMONS ISSUED as to Ace American Insurance Company. (Chorny, Traci) (Entered: 09/26/2013) |
| 09/26/2013 | | | NOTICE OF MAGISTRATE ASSIGNMENT emailed to Plantiff's counsel. This is a docket entry only. No document is attached. Magistrate Return due by 10/21/2013 (Chorny, Traci) (Entered: 09/26/2013) |
| 09/26/2013 | 2 | | **NEW NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NEW NOTICE AND NEW MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP assignment to an outside mediator.** (Attachments: # 1 MAP General Order)(Chorny, Traci) (Entered: 09/26/2013) |
| 10/10/2013 | 3 | | NOTICE OF REASSIGNMENT from Magistrate Judge Robert E. Larsen to District Judge Ortrie D. Smith. **\*\*\*The correct case number is 4:13−cv−00945−W−ODS. Please change your records to reflect this assignment.\*\*\*** (Martin, Jan) (Entered: 10/10/2013) |
| 10/11/2013 | 4 | | DISCLOSURE OF CORPORATE INTERESTS filed by Sherman A Botts on behalf of Plaintiff Performing Arts Community Improvement District.(Botts, Sherman) (Entered: 10/11/2013) |
| 10/25/2013 | 5 | | RETURN OF SERVICE of complaint executed by Performing Arts Community Improvement District. Ace American Insurance Company served on 10/16/2013, answer due 11/6/2013. (Botts, Sherman) (Entered: 10/25/2013) |
| 11/06/2013 | 6 | | ANSWER to 1 Complaint with Jury Demand on behalf of Ace American Insurance Company.(Attorney David R. Erickson added to party Ace American Insurance Company(pty:dft))(Erickson, David) (Entered: 11/06/2013) |
| 11/06/2013 | 7 | | DISCLOSURE OF CORPORATE INTERESTS filed by David R. Erickson on behalf of Defendant Ace American Insurance Company.(Erickson, David) (Entered: 11/06/2013) |
| 11/13/2013 | 8 | | Rule 16 Notice. Proposed scheduling order due by 2/5/2014. Rule 26 conference due by 1/22/2014. Signed on 11/13/2013 by District Judge Ortrie D. Smith. (Hopkins, Karen) (Entered: 11/13/2013) |
| 11/27/2013 | 9 | | MOTION to strike *Certain Affirmative Defenses* filed by Leonard B. Rose on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 12/16/2013 unless otherwise directed by the court. (Rose, Leonard) (Entered: 11/27/2013) |
| 11/27/2013 | 10 | | SUGGESTIONS in support re 9 MOTION to strike *Certain Affirmative Defenses* filed by Leonard B. Rose on behalf of Plaintiff Performing Arts Community Improvement District. (Related document(s) 9 ) (Rose, Leonard) (Entered: 11/27/2013) |

| 12/16/2013 | 11 | | Motion to allow Matthew S. Ponzi to appear pro hac vice (Pro Hac fee $100 receipt number 0866–3765848) filed by Adam R. Moore on behalf of Ace American Insurance Company. (Moore, Adam) (Entered: 12/16/2013) |
|---|---|---|---|
| 12/16/2013 | 12 | | Motion to allow Matthew P. Fortin to appear pro hac vice (Pro Hac fee $100 receipt number 0866–3765898) filed by Adam R. Moore on behalf of Ace American Insurance Company. (Moore, Adam) (Entered: 12/16/2013) |
| 12/16/2013 | 13 | | SUGGESTIONS in opposition re 9 MOTION to strike *Certain Affirmative Defenses* filed by Adam R. Moore on behalf of Defendant Ace American Insurance Company. Reply suggestions due by 1/2/2014 unless otherwise directed by the court (Related document(s) 9 ) (Moore, Adam) (Entered: 12/16/2013) |
| 12/17/2013 | 14 | | ORDER granting 11 and 12 motions to appear pro hac vice approved by Clerk of Court. Attorneys Matthew Scott Ponzi and Matthew Peter Fortin for Ace American Insurance Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorneys. This is a TEXT ONLY ENTRY. No document is attached. ECF registration form emailed to Matthew S. Ponzi and Matthew P. Fortin (Jones, Robin) (Entered: 12/17/2013) |
| 12/30/2013 | 15 | | MOTION to bifurcate *of Issues and/or Sequencing of Discovery* filed by Leonard B. Rose on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 1/16/2014 unless otherwise directed by the court. (Rose, Leonard) (Entered: 12/30/2013) |
| 12/30/2013 | 16 | | REPLY SUGGESTIONS to motion re 9 MOTION to strike *Certain Affirmative Defenses* filed by Leonard B. Rose on behalf of Plaintiff Performing Arts Community Improvement District. (Related document(s) 9 ) (Rose, Leonard) (Entered: 12/30/2013) |
| 12/31/2013 | 17 | | MOTION to intervene *of Carl Walker, Inc.* filed by Jerome V. Bales on behalf of Carl Walker, Inc.. Suggestions in opposition/response due by 1/17/2014 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Attorney Jerome V. Bales added to party Carl Walker, Inc.(pty:intvp))(Bales, Jerome) (Entered: 12/31/2013) |
| 12/31/2013 | 18 | | SUGGESTIONS in support re 17 MOTION to intervene *of Carl Walker, Inc.* filed by Jerome V. Bales on behalf of Intervenor Plaintiff Carl Walker, Inc.. (Related document(s) 17 ) (Bales, Jerome) (Entered: 12/31/2013) |
| 01/09/2014 | 19 | | ORDER denying 9 motion to strike. Signed on 1/9/14 by District Judge Ortrie D. Smith. (Wolfe, Steve) (Entered: 01/09/2014) |
| 01/10/2014 | 20 | | NOTICE of appearance by Chad E. Blomberg on behalf of Performing Arts Community Improvement District (Attorney Chad E. Blomberg added to party Performing Arts Community Improvement District(pty:pla))(Blomberg, Chad) (Entered: 01/10/2014) |
| 01/16/2014 | 21 | | SUGGESTIONS in opposition re 15 MOTION to bifurcate *of Issues and/or Sequencing of Discovery* filed by Adam R. Moore on behalf of Defendant Ace American Insurance Company. Reply suggestions due by 2/3/2014 unless otherwise directed by the court (Related document(s) 15 ) (Moore, Adam) (Entered: 01/16/2014) |

| 01/16/2014 | 22 | | SUGGESTIONS in opposition re 17 MOTION to intervene *of Carl Walker, Inc.* filed by Adam R. Moore on behalf of Defendant Ace American Insurance Company. Reply suggestions due by 2/3/2014 unless otherwise directed by the court (Related document(s) 17 ) (Moore, Adam) (Entered: 01/16/2014) |
| --- | --- | --- | --- |
| 01/31/2014 | 23 | | NOTICE of filing *Notice to Court Regarding Plaintiff's Position on the Motion to Intervene of Carl Walker, Inc.* by Performing Arts Community Improvement District re 17 MOTION to intervene *of Carl Walker, Inc.* (Blomberg, Chad) (Entered: 01/31/2014) |
| 01/31/2014 | 24 | | NOTICE of filing *Plaintiff's Position on The Motion to Intervene of Carl Walker, Inc.* by Performing Arts Community Improvement District re 17 MOTION to intervene *of Carl Walker, Inc.* (Rose, Leonard) (Entered: 01/31/2014) |
| 02/03/2014 | 25 | | SUGGESTIONS in support re 15 MOTION to bifurcate *of Issues and/or Sequencing of Discovery* filed by Leonard B. Rose on behalf of Plaintiff Performing Arts Community Improvement District. (Related document(s) 15 ) (Rose, Leonard) (Entered: 02/03/2014) |
| 02/04/2014 | 26 | | MOTION for leave to file *Reply Suggestions Out of Time* filed by Thaddeus J Schurter on behalf of Carl Walker, Inc.. Suggestions in opposition/response due by 2/21/2014 unless otherwise directed by the court. (Attorney Thaddeus J Schurter added to party Carl Walker, Inc.(pty:intvp))(Schurter, Thaddeus) (Entered: 02/04/2014) |
| 02/04/2014 | 27 | | SUGGESTIONS in support re 26 MOTION for leave to file *Reply Suggestions Out of Time* filed by Thaddeus J Schurter on behalf of Intervenor Plaintiff Carl Walker, Inc.. (Related document(s) 26 ) (Schurter, Thaddeus) (Entered: 02/04/2014) |
| 02/04/2014 | 28 | | ORDER granting 26 motion for leave to file reply suggestions out of time. Intervenor/Plaintiff Carl Walker may have until and including 2/7/14 to file his Reply Suggestions in Support of his Motion to Intervene. Signed on 2/4/14 by District Judge Ortrie D. Smith. This is a TEXT ONLY ENTRY. No document is attached.(Wolfe, Steve) (Entered: 02/04/2014) |
| 02/04/2014 | 29 | | ORDER denying 15 motion to bifurcate. Signed on 2/4/14 by District Judge Ortrie D. Smith. (Wolfe, Steve)Modified on 2/4/2014 to correct date.(Matthes, Renea). (Entered: 02/04/2014) |
| 02/05/2014 | 30 | | Joint MOTION for extension of time *in which to Submit a Joint Proposed Scheduling Order/Discovery Plan and for an Extension of the Rule 26(a)(1) Disclosure Deadline* filed by Chad E. Blomberg on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 2/24/2014 unless otherwise directed by the court. (Blomberg, Chad) (Entered: 02/05/2014) |
| 02/06/2014 | 31 | | ORDER granting 30 motion for extension of time.Proposed scheduling order due by 2/12/2014. Rule 26(a)(1) disclosures are to be made by 2/26/14. Signed on 2/6/14 by District Judge Ortrie D. Smith. This is a TEXT ONLY ENTRY. No document is attached.(Wolfe, Steve) (Entered: 02/06/2014) |
| 02/06/2014 | 32 | | REPLY SUGGESTIONS to motion re 17 MOTION to intervene *of Carl Walker, Inc.* filed by Thaddeus J Schurter on behalf of Intervenor Plaintiff Carl |

| | | | |
|---|---|---|---|
| | | | Walker, Inc.. (Related document(s) 17 ) (Schurter, Thaddeus) (Entered: 02/06/2014) |
| 02/07/2014 | 33 | | ORDER denying 17 motion to intervene. Signed on 2/7/14 by District Judge Ortrie D. Smith. (Wolfe, Steve) (Entered: 02/07/2014) |
| 02/13/2014 | | | NOTICE OF DOCKET MODIFICATION. A modification has been made to delete the document filed as Document No. 34 – PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN by Performing Arts Community Improvement District. (Rose, Leonard) (Entered: 02/12/2014). **The document has been deleted per Administrative Procedures wherein it is stated proposed scheduling orders should not contain a signature line for the presiding judge. The proposed scheduling order should include the electronic signature of both the filing and opposing counsel.** This is a text entry only – no document is attached. (McDowell, Shelly) (Entered: 02/13/2014) |
| 02/13/2014 | 34 | | PROPOSED SCHEDULING ORDER *AND DISCOVERY PLAN* by Performing Arts Community Improvement District. (Rose, Leonard) (Entered: 02/13/2014) |
| 02/14/2014 | 35 | | RULES OF TRIAL. Signed on 2/14/2014 by District Judge Ortrie D. Smith. (Hopkins, Karen) (Entered: 02/14/2014) |
| 02/14/2014 | 36 | | SCHEDULING ORDER: Discovery due by 12/19/2014. Pretrial Conference set for 5/14/2015 at 11:00 AM in Chambers before District Judge Ortrie D. Smith. Jury Trial set for 6/22/2015 at 08:00 AM in Courtroom 8D, Kansas City (ODS) before District Judge Ortrie D. Smith. Dispositive Motions due by 1/19/2015. Signed on 2/14/2014 by District Judge Ortrie D. Smith. (Hopkins, Karen) (Entered: 02/14/2014) |
| 02/25/2014 | 37 | | MOTION for reconsideration re 33 Order on Motion to Intervene filed by Thaddeus J Schurter on behalf of Carl Walker, Inc.. Suggestions in opposition/response due by 3/14/2014 unless otherwise directed by the court. (Related document(s) 33 ) (Schurter, Thaddeus) (Entered: 02/25/2014) |
| 02/25/2014 | 38 | | SUGGESTIONS in support re 37 MOTION for reconsideration re 33 Order on Motion to Intervene filed by Thaddeus J Schurter on behalf of Intervenor Plaintiff Carl Walker, Inc.. (Related document(s) 37 ) (Schurter, Thaddeus) (Entered: 02/25/2014) |
| 02/28/2014 | 39 | | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Leonard B. Rose on behalf of Plaintiff Performing Arts Community Improvement District.(Rose, Leonard) (Entered: 02/28/2014) |
| 02/28/2014 | 40 | | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES *Rule 26(A) Initial Disclosures* filed by David R. Erickson on behalf of Defendant Ace American Insurance Company.(Erickson, David) (Entered: 02/28/2014) |
| 03/14/2014 | 41 | | RESPONSE to motion re 37 MOTION for reconsideration re 33 Order on Motion to Intervene filed by David R. Erickson on behalf of Defendant Ace American Insurance Company. Reply suggestions due by 3/31/2014 unless otherwise directed by the court (Erickson, David) (Main Document 41 replaced on 3/14/2014) (Wheeler, LaTandra). (Entered: 03/14/2014) |
| 03/18/2014 | 42 | | *document deleted, see the Notice of Docket Modification* NOTICE of appearance by Anthony R. Martinez on behalf of All Defendants (Attorney |

| | | | |
|---|---|---|---|
| | | | Anthony R. Martinez added to party Ace American Insurance Company(pty:dft))(Martinez, Anthony) Modified on 3/18/2014 (Chorny, Traci). (Entered: 03/18/2014) |
| 03/18/2014 | 43 | | MOTION to substitute attorney *for Defendant* filed by Anthony R. Martinez on behalf of All Defendants. Suggestions in opposition/response due by 4/4/2014 unless otherwise directed by the court. (Martinez, Anthony) (Entered: 03/18/2014) |
| 03/18/2014 | | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 3/18/2014 as Document No. 42, Notice of Appearance. The document has been deleted as the incorrect document was filed. Counsel has filed the correct document. This is a text entry only – no document is attached. (Chorny, Traci) (Entered: 03/18/2014) |
| 03/19/2014 | 44 | | ORDER granting 43 motion to substitute attorney. Attorney Adam R. Moore terminated. Signed on 3/19/14 by District Judge Ortrie D. Smith. This is a TEXT ONLY ENTRY. No document is attached.(Wolfe, Steve) (Entered: 03/19/2014) |
| 04/07/2014 | 45 | | CERTIFICATE OF SERVICE by Performing Arts Community Improvement District *of First Request for Production and First Interrogatories to Defendant ACE* filed by Leonard B. Rose on behalf of Plaintiff Performing Arts Community Improvement District.(Rose, Leonard) (Entered: 04/07/2014) |
| 04/14/2014 | 46 | | MOTION for leave to file *First Amended Counterclaim* filed by Sherman A Botts on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 5/1/2014 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Botts, Sherman) (Entered: 04/14/2014) |
| 04/14/2014 | 47 | | SUGGESTIONS in support re 46 MOTION for leave to file *First Amended Counterclaim* filed by Sherman A Botts on behalf of Plaintiff Performing Arts Community Improvement District. (Related document(s) 46 ) (Botts, Sherman) (Entered: 04/14/2014) |
| 04/18/2014 | 48 | | CERTIFICATE OF SERVICE by Ace American Insurance Company *First Request for Production of Documents* filed by Anthony R. Martinez on behalf of Defendant Ace American Insurance Company.(Martinez, Anthony) (Entered: 04/18/2014) |
| 04/24/2014 | 49 | | ORDER denying 37 motion for reconsideration. Signed on 4/24/14 by District Judge Ortrie D. Smith. (Wolfe, Steve) (Entered: 04/24/2014) |
| 05/01/2014 | 50 | | RESPONSE to motion re 46 MOTION for leave to file *First Amended Counterclaim* filed by David R. Erickson on behalf of Defendant Ace American Insurance Company. Reply suggestions due by 5/19/2014 unless otherwise directed by the court (Erickson, David) (Entered: 05/01/2014) |
| 05/01/2014 | 51 | | ORDER granting 46 motion for leave to file Amended Complaint. Plaintiff shall have five business days to electronically file its Amended Complaint. Signed on 5/1/14 by District Judge Ortrie D. Smith. This is a TEXT ONLY ENTRY. No document is attached.(Wolfe, Steve) (Entered: 05/01/2014) |
| 05/07/2014 | 52 | | AMENDED COMPLAINT *First Amended Complaint* against Ace American Insurance Company filed by Sherman A Botts on behalf of Performing Arts |

| | | | |
|---|---|---|---|
| | | | Community Improvement District.(Botts, Sherman) (Entered: 05/07/2014) |
| 05/15/2014 | 53 | | NOTICE of appearance by Greer Shirreffs Lang on behalf of Performing Arts Community Improvement District (Attorney Greer Shirreffs Lang added to party Performing Arts Community Improvement District(pty:pla))(Lang, Greer) (Entered: 05/15/2014) |
| 05/21/2014 | 54 | | ANSWER to 52 Amended Complaint on behalf of Ace American Insurance Company.(Fortin, Matthew) Attached document deleted at filing counsel's request on 5/22/2014 (Martin, Jan). (Entered: 05/21/2014) |
| 05/21/2014 | 55 | | ANSWER to 52 Amended Complaint on behalf of Ace American Insurance Company.(Martinez, Anthony) (Entered: 05/21/2014) |
| 05/22/2014 | | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 5/21/2014 as Document No. 54, ANSWER to Amended Complaint. The document has been deleted at filing counsel's request as the incomplete document was filed. Counsel refiled this as Document No. 55. This is a text entry only – no document is attached. (Martin, Jan) (Entered: 05/22/2014) |
| 05/30/2014 | 56 | | CERTIFICATE OF SERVICE by Performing Arts Community Improvement District filed by Greer Shirreffs Lang on behalf of Plaintiff Performing Arts Community Improvement District.(Lang, Greer) (Entered: 05/30/2014) |
| 08/15/2014 | 57 | | DESIGNATION *Plaintiff's Designation of Experts* by Performing Arts Community Improvement District. (Botts, Sherman) (Entered: 08/15/2014) |
| 09/12/2014 | 58 | | NOTICE of appearance by Anthony R. Martinez on behalf of Ace American Insurance Company (Martinez, Anthony) (Entered: 09/12/2014) |
| 09/15/2014 | 59 | | DESIGNATION *of Experts* by Ace American Insurance Company. (Attachments: # 1 Exhibit A−1, # 2 Exhibit A−2, # 3 Exhibit B−1, # 4 Exhibit B−2, # 5 Exhibit B−3, # 6 Exhibit B−4)(Erickson, David) (Entered: 09/15/2014) |
| 10/21/2014 | 60 | | CERTIFICATE OF SERVICE by Performing Arts Community Improvement District *of Service of Discovery Responses* filed by Sherman A Botts on behalf of Plaintiff Performing Arts Community Improvement District.(Botts, Sherman) (Entered: 10/21/2014) |
| 10/30/2014 | 61 | | CERTIFICATE OF SERVICE by Performing Arts Community Improvement District filed by Greer Shirreffs Lang on behalf of Plaintiff Performing Arts Community Improvement District.(Lang, Greer) (Entered: 10/30/2014) |
| 10/30/2014 | 62 | | NOTICE to take deposition of Anthony Clark, AIC filed by Greer Shirreffs Lang on behalf of Plaintiff Performing Arts Community Improvement District.(Lang, Greer) (Entered: 10/30/2014) |
| 11/11/2014 | 63 | | NOTICE to take deposition of Linda Parham filed by Greer Shirreffs Lang on behalf of Plaintiff Performing Arts Community Improvement District.(Lang, Greer) (Entered: 11/11/2014) |
| 11/11/2014 | 64 | | NOTICE to take deposition of James Hauck filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company.(Fortin, Matthew) (Entered: 11/11/2014) |

| 11/11/2014 | 65 | | NOTICE to take deposition of Plaintiff's 30(b)(6) representative filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company. (Attachments: # 1 Schedule Schedule A 30(b)(6))(Fortin, Matthew) (Entered: 11/11/2014) |
|---|---|---|---|
| 11/14/2014 | 66 | | Joint MOTION for extension of time *to Extend Deadlines* filed by Greer Shirreffs Lang on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 12/1/2014 unless otherwise directed by the court. (Lang, Greer) (Entered: 11/14/2014) |
| 11/17/2014 | 67 | | ORDER granting 66 Joint MOTION to amend scheduling and trial order. Discovery due by 2/2/2015., Pretrial Conference set for 6/22/2015 10:00 AM in Courtroom 8C, Kansas City (ODS) before District Judge Ortrie D. Smith. Jury Trial set for 8/3/2015 08:00 AM in Courtroom 8C, Kansas City (ODS) before District Judge Ortrie D. Smith. Dispositive Motions due by 3/5/2015. Signed on 11/17/14 by District Judge Ortrie D. Smith. (Matthes, Renea) (Entered: 11/17/2014) |
| 11/17/2014 | 68 | | CERTIFICATE OF SERVICE by Performing Arts Community Improvement District filed by Greer Shirreffs Lang on behalf of Plaintiff Performing Arts Community Improvement District.(Lang, Greer) (Entered: 11/17/2014) |
| 11/18/2014 | 69 | | NOTICE to take deposition of Plaintiff's 30(b)(6) representative filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company. (Attachments: # 1 Schedule Amended Schedule A)(Fortin, Matthew) (Entered: 11/18/2014) |
| 11/19/2014 | 70 | | CERTIFICATE OF SERVICE by Performing Arts Community Improvement District filed by Leonard B. Rose on behalf of Plaintiff Performing Arts Community Improvement District.(Rose, Leonard) (Entered: 11/19/2014) |
| 12/01/2014 | 71 | | CERTIFICATE OF SERVICE by Ace American Insurance Company filed by Anthony R. Martinez on behalf of Defendant Ace American Insurance Company.(Martinez, Anthony) (Entered: 12/01/2014) |
| 12/03/2014 | 72 | | NOTICE to take deposition of James Hauck filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company.(Fortin, Matthew) (Entered: 12/03/2014) |
| 12/03/2014 | 73 | | NOTICE to take deposition of Plaintiff's 30(b)(6) representative filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company. (Attachments: # 1 Schedule)(Fortin, Matthew) (Entered: 12/03/2014) |
| 12/10/2014 | 74 | | NOTICE to take deposition of Steven A. Coombs filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company.(Fortin, Matthew) (Entered: 12/10/2014) |
| 12/22/2014 | 75 | | CERTIFICATE OF SERVICE by Ace American Insurance Company filed by Anthony R. Martinez on behalf of Defendant Ace American Insurance Company.(Martinez, Anthony) (Entered: 12/22/2014) |
| 03/04/2015 | 76 | | Joint MOTION for extension of time *for Filing Dispositive Motions* filed by Leonard B. Rose on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 3/23/2015 unless otherwise directed by the court. (Rose, Leonard) (Entered: 03/04/2015) |

Appellate Case: 15-2481     Page: 10     Date Filed: 07/09/2015 Entry ID: 4293929

| 03/05/2015 | 77 | | ORDER granting 76 motion for extension of time. Dispositive Motions due by 3/9/2015. Signed on 3/5/15 by District Judge Ortrie D. Smith. This is a TEXT ONLY ENTRY. No document is attached.(Wolfe, Steve) (Entered: 03/05/2015) |
|---|---|---|---|
| 03/09/2015 | 78 | | MOTION for summary judgment filed by Anthony R. Martinez on behalf of Ace American Insurance Company. Suggestions in opposition/response due by 4/2/2015 unless otherwise directed by the court (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Martinez, Anthony) (Entered: 03/09/2015) |
| 03/09/2015 | 79 | | MOTION for summary judgment *[Partial]* filed by Sherman A Botts on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 4/2/2015 unless otherwise directed by the court (Botts, Sherman) (Entered: 03/09/2015) |
| 03/09/2015 | 80 | | SUGGESTIONS in support re 79 MOTION for summary judgment *[Partial]* filed by Sherman A Botts on behalf of Plaintiff Performing Arts Community Improvement District. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Related document(s) 79 ) (Botts, Sherman) (Entered: 03/09/2015) |
| 03/20/2015 | 81 | | Joint MOTION for extension of time *to Respond to Summary Judgment* filed by Anthony R. Martinez on behalf of Ace American Insurance Company. Suggestions in opposition/response due by 4/6/2015 unless otherwise directed by the court. (Martinez, Anthony) (Entered: 03/20/2015) |
| 03/23/2015 | 82 | | ORDER granting 81 motion for extension of timeSuggestions in opposition/response to Motion for Summary Judgment due by 4/16/2015 unless otherwise directed by the court. Signed on 3/23/15 by District Judge Ortrie D. Smith. This is a TEXT ONLY ENTRY. No document is attached.(Wolfe, Steve) (Entered: 03/23/2015) |
| 04/15/2015 | 83 | | CERTIFICATE OF SERVICE by Performing Arts Community Improvement District *of Plaintiff's Second Supplemental Response to Defendant's First Set of Interrogatories* filed by Sherman A Botts on behalf of Plaintiff Performing Arts Community Improvement District.(Botts, Sherman) (Entered: 04/15/2015) |
| 04/16/2015 | 84 | | RESPONSE to motion re 78 MOTION for summary judgment filed by Leonard B. Rose on behalf of Plaintiff Performing Arts Community Improvement District. Reply suggestions due by 5/4/2015 unless otherwise directed by the court (Attachments: # 1 Exhibit Ex 1, # 2 Exhibit Ex 2, # 3 Exhibit EX 3, # 4 Exhibit EX 4, # 5 Exhibit Ex 5, # 6 Exhibit Ex 6, # 7 Exhibit Ex 7)(Rose, Leonard) (Entered: 04/16/2015) |
| 04/16/2015 | 85 | | SUGGESTIONS in opposition to motion for summary judgment re 79 MOTION for summary judgment *[Partial]* filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company. Reply suggestions due by 5/4/2015 unless otherwise directed by the court. (Attachments: # 1 Exhibit Exhibit A)(Related document(s) 79 ) (Fortin, Matthew) (Entered: 04/16/2015) |
| 05/04/2015 | 86 | | DESIGNATION *of Plaintiff's Deposition Designations* by Performing Arts Community Improvement District. (Botts, Sherman) (Entered: 05/04/2015) |

| | | | |
|---|---|---|---|
| 05/04/2015 | 87 | | REPLY SUGGESTIONS to motion re 79 MOTION for summary judgment *[Partial]* filed by Sherman A Botts on behalf of Plaintiff Performing Arts Community Improvement District. (Related document(s) 79 ) (Botts, Sherman) (Entered: 05/04/2015) |
| 05/04/2015 | 88 | | REPLY SUGGESTIONS to motion re 78 MOTION for summary judgment filed by Matthew Peter Fortin on behalf of Defendant Ace American Insurance Company. (Related document(s) 78 ) (Fortin, Matthew) (Entered: 05/04/2015) |
| 06/03/2015 | 89 | 13 | ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, 78 and 79 . Signed on 6/3/15 by District Judge Ortrie D. Smith. (Matthes, Renea) (Entered: 06/03/2015) |
| 06/03/2015 | 90 | 22 | CLERK'S JUDGMENT (Matthes, Renea) (Entered: 06/03/2015) |
| 06/17/2015 | 91 | | PROPOSED BILL OF COSTS by Ace American Insurance Company.Objections to Bill of Costs due by 7/6/2015 (Attachments: # 1 Exhibit Fees of the Clerk, # 2 Exhibit Fees for printed or e−transcripts, # 3 Exhibit Fees and disbursements for printing, # 4 Exhibit Fees for exemplification and the costs of making copies)(Ponzi, Matthew) (Entered: 06/17/2015) |
| 07/02/2015 | 92 | | MOTION for extension of time *[Unopposed]* filed by Greer Shirreffs Lang on behalf of Performing Arts Community Improvement District. Suggestions in opposition/response due by 7/20/2015 unless otherwise directed by the court. (Lang, Greer) (Entered: 07/02/2015) |
| 07/06/2015 | 93 | 23 | NOTICE OF APPEAL as to 89 Order on Motion for Summary Judgment, 90 Clerk's Judgment by Performing Arts Community Improvement District. Filing fee $ 505, receipt number 0866−4441477. (Rose, Leonard) (Entered: 07/06/2015) |
| 07/06/2015 | 94 | | ORDER granting 92 motion for extension of time. Response to Defendant's Bill of Costs due by 7/27/2015 unless otherwise directed by the court. Signed on 7/6/15 by District Judge Ortrie D. Smith. This is a TEXT ONLY ENTRY. No document is attached.(Wolfe, Steve) (Entered: 07/06/2015) |
| 07/07/2015 | 95 | 25 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 93 Notice of Appeal. (Crespo, Wil) (Entered: 07/07/2015) |

Appellate Case: 15-2481    Page: 12    Date Filed: 07/09/2015 Entry ID: 4293929

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PERFORMING ARTS COMMUNITY IMPROVEMENT DISTRICT, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 13-0945-CV-W-ODS |
| ACE AMERICAN INSURANCE CO., | ) ) ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT</u>

Pending are motions (1) from Plaintiff, seeking partial summary judgment and (2) from Defendant, seeking summary judgment. Based on the undisputed facts, the Court (1) denies Plaintiff's motion (Doc. # 70) and (2) grants Defendant's motion (Doc. # 78).

## I. BACKGROUND

Plaintiff is a statutory entity, created by Missouri law to provide financing for community improvement projects. As an agent for the City of Kansas City, Missouri, Plaintiff oversaw the design and construction of a parking garage adjacent to the Kauffman Center for the Performing Arts. To that end, in February 2008, Plaintiff retained Moody-Nolan, Inc. ("MNI") to provide architectural and design services and Carl Walker, Inc. ("Walker") to provide structural design services. In October 2009, Plaintiff retained Walton Construction Company – a CORE Company, LLC ("Walton") to serve as the general contractor. Plaintiff's contract with Walton required Walton to obtain a Builder's Risk Policy and to have Plaintiff listed as an additional insured on the policy. Walton fulfilled this obligation by obtaining a Builder's Risk Policy from Defendant Ace American Insurance Company.

The project included installation of a fifty foot high concrete retaining wall between the garage and a limestone rock face to the north of the garage. This effort included placement of flowable concrete fill in the area between the retaining wall and the limestone embankment. MNI and Walker collectively provided both the design for the retaining wall and the specifications for the back-fill. As originally formulated, the specifications called for "no more than 18 inches of fluid fill . . . against the wall." However, Walton requested approval for an alternate mix for the fill, and Walker approved an increase in the amount of fill, permitting up to thirty-six inches of fill between the wall and the embankment.

Construction of the wall commenced sometime in September 2010. During installation of the fill, the wall cracked and "deflected and bulged suddenly and thereby required investigation, repair and replacement." Amended Complaint, ¶ 12.[1] Plaintiff retained the services of a structural engineer (James Hauck) to determine why the wall failed. Hauck determined that the wall collapsed because Walker's design permitted too much fill between the wall and the embankment. Hauck explained at his deposition that the wall "was deflected out about 8 inches from the vertical, which was not an intended design condition" and his "structural analysis . . . showed that the wall failed under those loads. The stresses exceeded the allowable values of the materials . . . ." Hauck Dep. at 30. In his written report, Hauck opined "that the retaining wall suddenly failed due to the cumulative moment in the wall exceeding the cracking capacity of the wall during the" backfilling. Whether the pressure behind the wall was caused by (1) excess fill in the now-enlarged space or (2) water accumulating in the now-enlarged space is matter of no consequence; clearly, it was pressure caused by the accumulation of one, the other, or both that caused the wall to fail, and the accumulation could occur only because there was sufficient space behind the wall to permit the accumulation. Hauck

---

[1]Plaintiff disputes whether the cracking occurred before, during or after the wall's failure, but (1) cites no evidence in the Record from a witness to the events that addresses the issue one way or the other and (2) more importantly, fails to explain why the sequence matters. To the extent Plaintiff relies on the testimony of Anthony Clark, the Court notes Clark was not present at the construction site (and thus has no personal knowledge) and is not an engineer or otherwise qualified to give an expert opinion as to what happened.

2

concluded the wall failed because of Walker's approval of the change in the plans, and that this change was inappropriate and should not have been approved:

> [T]he increased fill lift height approved by Carl Walker caused the maximum moment in the failed retaining wall to exceed the cracking moment of the wall during backfilling operations. Had Carl Walker evaluated the wall deflections using the procedures outlined in ACI 318, Section 9.5.2.3 using the specified 28-day compressive strength of the concrete, they would have discovered that the original design load would have caused the wall to crack.
>
> *   *   *
>
> It is our professional opinion that the retaining wall at the Art's District Garage failed as the direct result of Carl Walker's failure to consider the effects of calculated wall deflection on the specified backfilling sequence. At the time of the failure, the cumulative moment in the wall exceeded the cracking capacity of the wall causing an abrupt decrease in wall stiffness and a corresponding increase in wall deflection. This increased deflection allowed the liquid flowable fill to get between the previously placed fill and the back face of the wall, thereby causing it to fail.

Plaintiff concedes Walker's approval of a change to thirty-six inches of fill constituted a design error, but insists the defective design was not the direct cause of the wall's failure and instead insists the pressure build-up caused the failure.

The Builder's Risk policy states that, subject to the exclusions contained therein, it "insures against risks of direct physical loss or damage to property of every kind and description intended to become a permanent part" of the project, and there is no question that the retaining wall qualifies as such property. The policy's exclusions are set forth in Part D, where thirty-one exclusions appear. The last five exclusions appear below the following provision (which is in all-caps in the policy): "This policy does not insure loss or damage caused by any of the following, unless direct physical loss or damage by an insured cause of loss ensues and then this policy insures only such ensuing direct physical loss or damage." One of the exclusions appearing below this provision excludes coverage for "[e]rror, omission or deficiency in design, plans, specifications, engineering or surveying." In August 2013 Plaintiff requested coverage for the wall's failure, and Defendant denied coverage in November 2013. Defendant's

3

denial indicated there had been no change in the facts since it last considered and rejected a claim for the wall's failure, which occurred when Walton previously submitted a similar claim.  In that denial, Defendant advised Walton that coverage was being denied because the Walton's defective design allowed pressure to build up, either because of excessive fill or because of excessive water build-up; either way, Defendant viewed the wall's failure to be caused by the defective design and that no insurable cause occurred thereafter.

Plaintiff filed this suit, and in its Amended Complaint asserts claims for breach of contract (Count I) and vexatious refusal to pay (Count II).  Plaintiff seeks partial summary judgment on the issue of liability on Count I, while Defendant seeks summary judgment on both counts.

## II.  DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

4

"Insurance policies are contracts," and "[t]he rules of contract construction govern insurance policies." Blair v. Perry County Mut. Ins. Co., 118 S.W.3d 605, 606 (Mo. 2003) (en banc). The language employed in the contract/policy is to be given its plain and ordinary meaning, and if that meaning is unambiguous there is no need to apply rules of construction. E.g., Allen v. Continental Western Ins. Co., 436 S.W.3d 548, 553-54 (Mo. 2014) (en banc); Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 47 (Mo. 2009) (en banc).

As stated earlier, the policy "insures against risks of direct physical loss or damage to property of every kind and description intended to become a permanent part" of the project, and there is no question that the retaining wall qualifies as such property. Defendant bears the burden of demonstrating an exclusion applies, e.g., Powell v. State Farm Mut. Auto. Ins. Co., 173 S.W.3d 685 (Mo. Ct. App. 2005), and here Defendant contends Exclusion T applies because the wall's failure was "caused by . . . Error, omission or deficiency in design, plans, specifications, engineering or surveying." Plaintiff contends Exclusion T does not apply because the wall's failure was "direct physical loss or damage by an insured cause of loss" that "ensue[d]" after the deficient plans. Plaintiff bears the burden of demonstrating that the exception to exclusion applies. E.g., Trans World Airlines v. Associated Aviation Underwriters, 58 S.W.3d 609, 621-22 (Mo. Ct. App. 2001). Regardless of these burdens, the undisputed facts demonstrate that the wall's failure was caused by an error, omission or deficiency in design and was not caused by an ensuing cause of loss that was insured.

There is no serious doubt that the defective design was a but-for causation of the wall's collapse because it allowed more pressure (either due to water or fill) than the wall could withstand. The exception Plaintiff invokes comes into play only if "loss or damage by an insured cause of loss ensues." Plaintiff argues the ensuing cause of loss was the excessive pressure caused by the water or fill. In this way, Plaintiff seeks to divorce the defective design from the losses it caused, or more precisely to separate the defective design from the losses incurred because the defective design was actually utilized. In this way, Plaintiff effectively argues the only "loss" excluded by virtue of the defective design is the cost of obtaining non-defective designs. The Court holds Plaintiff's argument is not legally viable.

5

Case 4:13-cv-00945-ODS   Document 89   Filed 06/03/15   Page 5 of 9   July 7 2015 p17
Appellate Case: 15-2481   Page: 17   Date Filed: 07/09/2015 Entry ID: 4293929

The ensuing loss provision is a commonly used and understood provision, and generally applies when an event that is excluded from coverage causes a subsequent event that *is* covered. The parties cite to the same historical example for illustrative purposes, arising from the 1906 San Francisco earthquake. Property insurance policies did not cover earthquake damage, but did cover fire damage. The earthquake caused gas fires to break out – therefore, (1) damage caused directly by the earthquake was excluded from coverage, but (2) the fires were an ensuing and distinct cause of covered loss, so the policies covered the fire damage – even though the earthquake was a but-for cause of the fires. KAAPA Ethanol, LLC v. Affiliated FM Ins. Co., 660 F.3d 299, 304 n.3 (8th Cir. 2011). The critical point highlighted by this example is that an ensuing loss is one that occurs *subsequent* to the excluded loss. Plaintiff categorizes the wall's physical failure as an "ensuing loss" by characterizing the provision of defective plans as an event distinct from the use of those plans to create a wall that was defective. The problem is that there is only one event and only one loss, so there is nothing "ensuing" and the exception to coverage does not apply.

An ensuing loss must be distinct and subsequent to the excluded loss. This is confirmed in a variety of ways. First, the clause itself indicates that there are two events: an event that is excluded from coverage, and a distinct event that causes an ensuing loss. Second, the example of the 1906 earthquake confirms the need for two distinct events: there, it was the earthquake (damages for which were excludable) and a subsequent event (there, fire) that was covered. Third, cases from a multitude of jurisdictions[2] establish the need for a distinct loss in order to prevent the ensuing loss exception from swallowing the exclusion to which it is appended. Many of these cases also establish that Plaintiff's attempt to separate the defective design from the losses caused by the defective design is unavailing, including:

---

[2]When determining the content of Missouri law, the Court must obey decisions of the Missouri Supreme Court. If there are no such decisions, the Court must ascertain what the Missouri Supreme Court would likely hold if presented with the issue, and in that endeavor that Court may consider relevant precedents from other jurisdictions. TNT Speed & Sport Center, Inc. v. American States Ins. Co., 114 F.3d 731, 733-34 (8th Cir. 1997).

6

- <u>TRAVCO Ins. Co. v. Ward</u>, 715 F. Supp. 2d 699, 718-719 (E.D. Va. 2010) <u>aff'd,</u> 504 Fed. App'x 251 (4th Cir. 2013) – drywall defective because it emitted noxious gas; policy excluded coverage for defective materials, and damage to property from the gas was not an "ensuing loss" because the emission of gas constituted the defect in the material.

- <u>Swire Pacific Holdings, Inc. v. Zurich Ins. Co.</u>, 845 So.2d 161, 167-68 (Fla. 2003) – loss from repairing defectively designed building not caused by "ensuing loss" but rather caused by non-covered design defect.

- <u>Vermont Elec. Power Co. v. Hartford Steam Boiler Inspection & Ins. Co.</u>, 72 F. Supp. 2d 441, 445 (D. Vt. 1999) – policy excluded coverage for faulty or defective design; transformers were defectively designed, but cost of replacing damaged transformers built pursuant to the defective design was not an "ensuing loss."

- <u>Laquila Const., Inc. v. Travelers Indemnity Co. of Ill.</u>, 66 F. Supp. 2d 543, 545-46 (S.D.N.Y. 1999), <u>aff'd</u>, 216 F.3d 1072 (2d Cir. 2000) – sub-par concrete used in construction of fifth floor of a building; policy excluded coverage for costs associated with faulty workmanship or material, and costs associated with repairing the fifth floor did not constitute an "ensuing loss."

- <u>Schloss v. Cincinnat Ins. Co.</u>, 54 F. Supp. 2d 1090, 1095 (M.D. Ala 1999), <u>aff'd</u>, 211 F.3d 131 (11th Cir. 2000) (Table) – policy excluded coverage for damage caused by rot; cost of remediating rot was part of that excluded damage and not an "ensuing loss" because the need to remediate was directly caused by the rot

- <u>Allianz Ins. Co v. Impero</u>, 654 F. Supp. 16,  (E.D. Wash. 1986) – cost of repairing defective construction were caused by the construction and there was no "ensuing loss."

- <u>Narob Dev. Corp. v. Insurance Co. of N. Am.</u>, 631 N.Y.S.2d 155, 155-56 (N.Y. App. Div. 1995) – "Where a property insurance policy contains an exclusion with an exception for ensuing loss, courts have sought to assure that the exception does not supersede the exclusion by disallowing coverage for ensuing loss directly related to the original excluded risk."

7

The Eighth Circuit, applying Minnesota law, has also held that an ensuing loss provision excludes from coverage the normal results of the excluded event and applies to ensuing losses that are distinct and separable from the excluded event. Friedberg v. Chubb & Son, Inc., 691 F.3d 948, 953 (8th Cir. 2012).

Plaintiff relies heavily on the Missouri Court of Appeals decision in Drury v. Missouri United School Ins. Counsel, but the Court concludes that decision is distinguishable. That case involved installation of a roof deck; during the installation process "[r]ain and other precipitation, including ice storms, occurred over the next several months, and the [roof] suffered moisture damage." 455 S.W.3d 30, 33 (Mo. Ct. App. 2014). The applicable builder risk provision excluded coverage for faulty workmanship or materials unless "loss by a peril not otherwise excluded" ensued but specifically covered losses caused by rain, snow, sleet and other weather conditions. The insurer sought to avoid coverage by contending faulty workmanship left the roof exposed to the elements, but the Missouri Court of Appeals held that the damage caused by the weather constituted an ensuing loss because it was caused by an event separate and independent from the defective workmanship (that is, the weather) Id. at 37. While it may have been true that the faulty workmanship was a "but for" cause of the loss, the existence of a (1) subsequent event separate and apart from the faulty workmanship that was (2) covered by the policy triggered the ensuing loss provision.

This case presents no subsequent event. A defective wall was created (because it was built in accordance with defective plans), and the defective wall failed. There was no ensuing event that caused the wall to fail. Plaintiff's submits the build-up of lateral pressures was an ensuing event, but this is simply another way of saying the wall was defectively designed. If a defectively-designed building collapses, one does not characterize the effect of gravitational forces as a distinct and separate event, and the cost of replacing the collapsed building is not an ensuing loss. Similarly – as here – if a defectively designed retaining wall fails to retain the pressure it was intended to retain, one does not characterize the pressure as a distinct and separate event, and the resulting need to replace the defectively designed wall is not an ensuing loss.

The retaining wall was defectively designed. The retaining wall failed as a result of that defective design. Losses due to defective design are excluded from coverage.

8

Case 4:13-cv-00945-ODS   Document 89   Filed 06/03/15   Page 8 of 9 July 7 2015 p20
Appellate Case: 15-2481   Page: 20   Date Filed: 07/09/2015 Entry ID: 4293929

The cost of replacing the wall was due to the defective design. The need to replace the wall was not caused by a subsequent event, so there was no ensuing loss.

### III.  CONCLUSION

Plaintiff's Motion for Partial Summary Judgment is denied.  Defendant's Motion for Summary Judgment is granted.


IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 3, 2015                    UNITED STATES DISTRICT COURT

9

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

PERFORMING ARTS COMMUNITY          )
IMPROVEMENT DISTRICT,              )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )          Case No. 13-0945-CV-W-ODS
                                   )
ACE AMERICAN INSURANCE CO.,        )
                                   )
                    Defendant.     )

## JUDGMENT IN A CIVIL CASE

___      Jury Verdict.    This action came before the Court for a trial by jury.

X        Decision by Court.    This action came to trial or hearing before the Court.

         The issues have been determined and a decision has been made.

IT IS ORDERED AND ADJUDGED that pursuant to the Order entered by the Honorable Ortrie

Smith on June 3, 2015, Plaintiff's Motion for Partial Summary Judgment is denied. Defendant's

Motion for Summary Judgment is granted.

Date: June 3, 2015                    ANN THOMPSON_____

                                      Clerk of Court

                                      s/ RENEA MATTHES_____
                                      By: Renea Matthes, Courtroom Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### AT KANSAS CITY

PERFORMING ARTS COMMUNITY )
IMPROVEMENT DISTRICT, )
)
     Plaintiff, )
)
 v. )     Case No.: 4:13-cv-00945-ODS
)
ACE AMERICAN INSURANCE )
COMPANY, )
)
     Defendant. )

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Performing Arts Community Improvement District ("CID"), by and through its counsel of record, hereby appeals to the United States Court of Appeals for the Eighth Circuit from: (1) the "Order and Opinion (1) Denying Plaintiff's Motion for Partial Summary Judgment and (2) Granting Defendant's Motion For Summary Judgment" [Doc. 89], entered on June 3, 2015; (2) the "Judgment in Civil Case" [Doc. 90], entered on June 3, 2015; and (3) all other adverse orders, rulings and judgments entered in the above-entitled matter.

Respectfully submitted,

LATHROP & GAGE LLP


By: _/s/ Greer S. Lang_
Leonard B. Rose (18108)
Sherman A. Botts (35128)
Greer S. Lang (40107)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone:    816.292.2000
Telecopier:    816.292.2001
lrose@lathropgage.com
sbotts@lathropgage.com
glang@lathropgage.com

**Attorneys for Plaintiff**


## CERTIFICATE OF SERVICE


The undersigned hereby certifies that on July 6, 2015, the above and foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.


_/s/ Greer S. Lang_
**An Attorney for Plaintiff**

2

Case 4:13-cv-00945-ODS   Document 93   Filed 07/06/15   Page 2 of 2uly 7 2015 p24
Appellate Case: 15-2481    Page: 24    Date Filed: 07/09/2015 Entry ID: 4293929

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

| Case Caption: | Case No.   13-cv-00945-ODS |
|---|---|
| Performing Arts Community Improvement District v. Ace American Insurance Company | |

| Appellant: Performing Arts Community Improvement District | Appellee:    Ace American Insurance Company |
|---|---|
| Appellant's Attorney(s): | Appellee's Attorney(s): |
| **Leonard B. Rose**<br>Lathrop & Gage LLP - KCMO<br>2345 Grand Avenue<br>Suite 2200<br>Kansas City, MO 64108-2618<br>(816) 292-2000<br>Fax: (816) 292-2001<br>Email: lrose@lathropgage.com | **Anthony R. Martinez**<br>Shook, Hardy & Bacon, LLP-KCMO<br>2555 Grand Boulevard<br>Kansas CIty, MO 64108-2613<br>(816) 474-6550<br>Fax: (816) 421-5547<br>Email: amartinez@shb.com |
| Court Reporter(s):<br><br>None | Please return files and documents to:<br>**United States District Court**<br>**400 East 9th Street, Room 1510**<br>**Kansas City, MO   64106**<br><br>Contact Person for Appeal:<br>**Willie Crespo**  816-512-5068 |

| Length of Trial:  0 | Fee:   $505 | IFP: No | Pending IFP Motion:    No |
|---|---|---|---|
| Counsel:<br>Retained | Pending Motions?<br>No | Local Interest? **No** | Simultaneous Release? **No** |

**Special Comments:**